UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARY CHRISTIAN and THOMAS CHRISTIAN,

                Plaintiffs,

            -against-

UNITED STATES OF AMERICA and
UNITED STATES POSTAL SERVICE,

                Defendants.
------------------------------------------------------------------X

MEMORANDUM AND ORDER

10-CV-3006
(Kuntz, J.)

**KUNTZ, United States District Judge**

Plaintiffs Mary Christian ("Mrs. Christian" or "Plaintiff") and Thomas Christian ("Mr. Christian" or "Plaintiff's husband") commenced this action on June 30, 2010 against Defendants United States of America and United States Postal Service (collectively "Defendants") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Plaintiffs seek to recover monetary damages for personal injuries Plaintiff sustained as a result of a trip and fall due to a purported defect on a sidewalk adjacent to the West Hempstead Post Office building located at 245 Hempstead Avenue, West Hempstead, New York ("Post Office"). Plaintiff's husband seeks to recover damages for loss of services, society, and consortium of his spouse. Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Defendants' motion is granted.

**I.    Factual Background**

Defendants own the Post Office and its underlying property located at 245 Hempstead Avenue, West Hempstead, New York. Decl. of Diane Beckman, Feb. 10, 2012 ("Beckman Decl."), Ex. E (Decl. of Egidio A. Giacoia, Feb. 9, 2012), at ¶ 2. A straight, public sidewalk runs

in front of the Post Office on Hempstead Avenue and on the west side of the Post Office on Maplewood Avenue. *Id.* at ¶ 3. On August 15, 2008, at approximately 10:30 a.m., Plaintiff exited the Post Office and walked west in the direction of Maplewood Avenue. Beckman Decl., Ex. A (Dep. of Mary Christian, Aug. 11, 2011), Tr. 25:3–24. Plaintiff alleges she tripped and fell on a sidewalk adjacent to the Post Office, causing her to sustain physical injuries. Compl., at ¶ 33. Plaintiff was familiar with the area surrounding the Post Office and walked in the area of Maplewood Avenue and Hempstead Avenue in West Hempstead several times per week. Defs.' 56.1, at ¶ 2. Prior to August 15, 2008, Plaintiff did not make any complaints about the condition of the subject sidewalk to the Post Office, the Town of Hempstead, or any other businesses in the area. Defs.' 56.1, at ¶ 3. Plaintiff alleges the cause of her fall was a "raised sidewalk flag," otherwise referred to as a height differential on the sidewalk. Pls.' Mem. of Law in Opp'n to Pls.' [sic] Mot. for Summ. J., Feb. 23, 2012 ("Pls.' Opp'n"), at 2.

Following the incident, Plaintiff retained Nicholas Stolfa Investigations. An investigator/photographer of Nicholas Stolfa Investigations took photographs of the area around the Post Office, including Maplewood Avenue and Hempstead Avenue on August 19, 2008— four days after the incident. Decl. of Michael Aranow, Feb. 23, 2012 ("Aranow Decl."), at ¶ 2. Plaintiff was not present when these photographs were taken. Defs.' 56.1, at ¶ 4. Plaintiff did not show the investigator where she allegedly fell. *Id.* at ¶ 5.

On October 3, 2008, Plaintiffs served the Town of Hempstead with a notice of claim seeking payment for the injuries sustained by Plaintiff as a result of the August 15, 2008 incident. Second Decl. of Diane Beckman, Mar. 5, 2012 ("Beckman Second Decl."), Ex. I (Notice of Claim, Oct. 3, 2008). On December 23, 2008, an attorney for the Town of Hempstead deposed Plaintiff pursuant to General Municipal Law, § 50-h of the New York Code (the "50-h

2

hearing"). Aranow Decl., Ex. D (Tr. of Town of Hempstead 50-h hearing and attached photographs). During the 50-h hearing, Plaintiff was asked by her attorney to indicate on a photograph the location of her fall. Plaintiff marked the photograph with an "X" to denote the location of her fall. Plaintiff and her attorney established the "X" was only an approximation, and Plaintiff could have fallen "a foot or two down towards Hempstead Avenue." Aranow Decl., Ex. D, Tr. 7:22–9:7. During her August 11, 2011 deposition, Plaintiff identified numerous different photographs, taken by Nicholas Stolfa Investigations in August 2008, as depicting the area in which she believed she fell. Beckman Decl., Ex. A, Tr. 44:2–55:24. Plaintiff was unable to identify the exact location of her trip and fall. *Id.*

On the same day of the alleged incident, Plaintiff's husband took photographs of the area where he thought his wife "possibly took flight." Beckman Decl., Ex. B (Dep. of Thomas Christian, Aug. 11, 2011), Tr. 12:16–13:12. Plaintiff did not show her husband where she fell, nor was she present when he took the photographs. Defs.' 56.1, at ¶ 9. Plaintiff's husband testified he was not certain in which area Plaintiff fell. Defs.' 56.1, at ¶ 10. Plaintiff's husband testified the height differential appeared to be between one-half inch and one-and-one-quarter inches. Beckman Decl., Ex. B, Tr. 14:12–17:23. During her deposition, Plaintiff identified a photograph taken by her husband as the area where she fell. Defs.' 56.1, at ¶ 7.

Plaintiff's expert offered an opinion as to the location where Plaintiff fell and described the height differential as "approximately one inch higher at the area than the lower section of the sidewalk where she tripped." Aranow Decl., Ex. B (Expert Report of Mr. Alvin Ubell, Sept. 22, 2011), at 5. In their motion papers, Plaintiffs allege the height differential at the location Plaintiff tripped was between one inch and one-and-one-quarter inches. Pls.' Opp'n, at 5.

3

On or about October 21, 2008, the Town of Hempstead issued a notice to the Post Office to repair the public sidewalk on Maplewood Avenue before December 20, 2008. Beckman Decl., Ex. G (Town of Hempstead Notice, Oct. 21, 2008). The repair was completed by a contractor on or about November 22, 2008. Aranow Decl., Ex. G (contractor invoice, Dec. 10, 2008).

## II. Standard Of Law

### A. Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal citations and quotations omitted). No genuine issue of material fact exists "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party satisfies this burden, the non-moving party must "make a showing sufficient to establish the existence of [each] element to that party's case . . . since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). Importantly, if the evidence produced by the non-moving party "is merely colorable, or is not

significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–250 (1986) (internal citations omitted).

### III. Federal Tort Claims Act

The FTCA removes the sovereign immunity of the United States from suits in tort, and, with certain exceptions, renders the Government liable in tort as a private individual would be under like circumstances. *Richards v. United States*, 369 U.S. 1, 6 (1962). Under the FTCA, actions brought against the United States "for money damages . . . for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . [shall be determined] in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, a "federal court presiding over a FTCA claim must apply 'the whole law of the State where the act or omission occurred.'" *Testaverde v. United States*, No. 05-CV-2642, 2009 WL 1456533, at *6 (Ross, J.) (E.D.N.Y. May 26, 2009) (quoting *Richards*, 369 U.S. at 11). Here, because the alleged negligent acts of the Government occurred in New York, this Court must apply the law of the State of New York.

### IV. Negligence Claim

To establish a *prima facie* claim of negligence under New York law, a plaintiff must show (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty, and (3) the plaintiff suffered damage as a proximate result of that breach. *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002); *Ingrassia v. Lividikos*, 54 A.D.3d 721, 864 N.Y.S.2d 449, 452 (2d Dep't 2008). Under New York law, liability for injuries sustained as a result of a dangerous or defective condition on a public sidewalk generally will be imposed upon an owner of real property abutting the sidewalk only when (1) a statute or ordinance placing the obligation to maintain the sidewalk on the landowner expressly makes the landowner

5

liable for injuries caused by failure to perform that duty, (2) the landowner created the defective condition, or (3) the landowner caused the defect to occur because of some special use of the sidewalk. *Hausser v. Giunta,* 88 N.Y.2d 449, 453, 669 N.E.2d 470 (1996); *Petrillo v. Town of Hempstead,* 85 A.D.3d 996, 997, 925 N.Y.S.2d 660 (2d Dep't 2011); *Romano v. Leger,* 72 A.D.3d 1059, 900 N.Y.S.2d 346 (2d Dep't 2010). "[L]iability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner." *Hausser,* 88 N.Y.2d at 452–453.

Plaintiffs do not allege Defendant created the height differential, but instead allege Defendant had constructive notice of a defective or dangerous condition on its own property. Accordingly, Defendants can only be held liable if Plaintiffs can show: (1) a local ordinance or statute imposes a duty upon Defendants to maintain and repair the sidewalk as well as liability upon Defendants for injuries resulting from a breach of that duty; (2) Defendants caused the height differential through special use of the sidewalk; or (3) Defendants owned the sidewalk and had constructive knowledge of the alleged defect.

### A. The Town Code

It is undisputed the area where the alleged incident occurred is located in West Hempstead, New York, which is subject to the governance and code of the Town of Hempstead (the "Hempstead Code"). The Hempstead Code defines "sidewalk" as "includ[ing] all land lying between the curbline of the public highway and the building line of the premises abutting thereon which has been surfaced or improved with concrete or other paving material." Hempstead Code, §§ 181-4, 181-14B, 181-15B. Based on Plaintiffs' own submissions, including deposition

testimony and photographs, it is clear the area where Plaintiff alleges she tripped and fell is part of the "sidewalk," as it is located on the land lying between the curb and the Post Office.

Plaintiffs argue Mrs. Christian tripped and fell on property owned by Defendants, and not on a public sidewalk. Pls.' Opp'n, at 3. Defendants state a public sidewalk runs in front of the Post Office on Hempstead Avenue and on the west side of the Post Office on Maplewood Avenue. Beckman Decl., Ex. E at ¶ 3. It is the burden of Plaintiffs to prove each element of their negligence claim, including the alleged trip and fall was on Defendants' property. Plaintiffs offer no evidence to establish Defendants own the sidewalk upon which Mrs. Christian fell. Rather, the sidewalk adjacent to the Post Office is a public passageway open to all pedestrians; it is not used solely for the passage of individuals engaged in postal business. Therefore, the Court finds Plaintiff tripped and fell on a public sidewalk abutting Defendants' property.

The Hempstead Code does not impose any duty upon property owners within West Hempstead to repair abutting sidewalks. Article I ("Obligation of Abutting Owner") states the Town Board may require the construction or repair of sidewalks upon notice to the abutting owner. Hempstead Code, § 181-1. Article III ("Notice for Construction or Repair of Sidewalk") governs the duty of abutting owners to, *inter alia*, construct and repair sidewalks. Hempstead Code, § 181-6. Section 181-6 only requires a landowner to repair an abutting sidewalk when directed to do so by the Town Board.

Additionally, the Hempstead Code does not impose tort liability on landowners for personal injuries sustained on abutting sidewalks. In *Natijehbashem v. United States*, a pedestrian and her husband brought an FTCA suit seeking damages for personal injuries the pedestrian sustained following a trip and fall over a defect on a public sidewalk adjacent to a property leased by the government. 10-CV-247, 2011 WL 6225221 (E.D.N.Y. July 13, 2011)

(Feuerstein, J.). The operative ordinance was the Town Code of North Hempstead, which contains provisions similar to those in the Hempstead Code as to the maintenance and repair of sidewalks. The Town Code only required a landowner to repair an abutting sidewalk when directed to do so by the Town of North Hempstead. *Id.* at *4. Additionally, the court determined the Town Code did not expressly impose tort liability upon a landowner for injuries from the failure to make repairs. *Id.* Therefore, liability could not be imposed upon defendant for any personal injuries resulting from a breach of duty. *Id.*; *see also Picone v. Schlaich*, 245 A.D.2d 555, 556, 667 N.Y.S.2d 57 (2d Dep't 1997) ("In order for a statute, ordinance, or municipal charter to impose liability upon an abutting owner for injuries caused by its negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he or she will be liable to those who are injured."). Accordingly, even if the Hempstead Code did impose an obligation on Defendant to maintain the public sidewalk abutting its property, liability cannot attach upon Defendant for any personal injuries resulting from a breach of that duty under New York law.

Finally, the attempt of Plaintiffs to impose liability through evidence of subsequent repairs fails. *See* Pls.' Opp'n, at 5. Evidence of subsequent repairs or other remedial measures is not admissible as proof of negligence or culpability because it is irrelevant on the issue of the defendant's level of care at the time of the alleged incident. *Yates v. City of New York*, 37 A.D.3d 458, 831 N.Y.S.2d 186 (2d Dep't 2007); *Niemann v. Luca*, 214 A.D.2d 658, 625 N.Y.S.2d 267 (2d Dep't 1995). Rather, the notice issued by the Town of Hempstead on October 21, 2008 and subsequent repair of the sidewalk by the Post Office establishes the Town of Hempstead exercised control over the public sidewalk.

## B. Special Use Of Sidewalk

Plaintiffs' argument Defendants made a special use of, or derived a special benefit from, the sidewalk adjacent to the Post Office is premised on the following: (1) Defendants had control over the sidewalk, and (2) Defendants received a special benefit from the size of its entrance/exit way which assisted them in earning money. Pls.' Opp'n, at 21. Plaintiffs' argument is without merit. A special use exception to liability for a fall on a public sidewalk is applicable only where "a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and is therefore required to maintain a portion of that property." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 419 (2d Cir. 2004) (internal citation and quotations omitted). New York courts have consistently required that the sidewalk must be constructed in a special manner for the benefit of the abutting landowner for liability to be imposed. *Id.* "Cases applying the doctrine typically have involved the installation of some object in the sidewalk or a variance in the construction of the sidewalk intended specifically to benefit the adjacent owner." *Id.* (internal citations omitted).

Here, Plaintiffs have not shown that the use of the sidewalk was unrelated to the public use or that the use of the sidewalk to enter and exit the Post Office caused the height differential in the sidewalk. "The special use is a use different from the normal intended use of the public way." *Loiaconi v. Vill. of Tarrytown*, 36 A.D.3d 864, 829 N.Y.S.2d 191, 192 (2d Dep't 2007) (internal citation omitted). Plaintiffs only allege the sidewalk was used for "ingress and egress from the United States Post Office located thereat." Compl., at ¶ 37. However, use of a public sidewalk to enter and exit a business does not constitute special use unrelated to the public use under New York law. *See Williams*, 391 F.3d at 420.

### C. Constructive Notice

Absent any evidence Defendants created the alleged defect or caused the alleged defect through a special use of the sidewalk, or a local statute or ordinance imposed (1) a duty upon Defendants to maintain the sidewalk and (2) liability upon Defendants for a breach of that duty, the issue of whether Defendants had actual or constructive notice of the alleged defect is immaterial. *See, e.g., Celotex*, 477 U.S. at 322–23; *Chandok v. Klessing*, 632 F.3d 803, 812 (2d Cir. 2011) ("Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment."). Accordingly, any question of fact with respect to Defendants' constructive notice of the alleged defect of the sidewalk is insufficient to defeat summary judgment. Nevertheless, even assuming there are triable issues of fact as to Defendants' duty to maintain the sidewalk, summary judgment remains appropriate because Plaintiffs cannot show Defendants had constructive notice of the alleged defective condition.

Plaintiffs rely solely on the expert report of Mr. Alvin Ubell, which states Defendants "knew or should have known that their sidewalk abutting their property, having an uneven flag differential greater or equal to one half (1/2") [inch] was a dangerous tripping hazard and should have been repaired prior to Mary Christian's accident." Aranow Decl., Ex. B, at 7. Mr. Ubell inspected the "area in question of the accident" on August 19, 2011—approximately three years after the incident occurred and long after the sidewalk had undergone repair. *Id.* at 3. Mr. Ubell relied on photographs taken by third-parties, the notice of claim, pleadings, and depositions, including the 50-h deposition testimony of Plaintiff, to opine on the location of Plaintiff's trip and fall. *Id.* As discussed *supra*, Plaintiff is unable to identify the exact location of her trip and

fall. Mr. Ubell does not present any relevant measurements or data of the area in question or of the height differential in his report. Mr. Ubell improperly relies on an irrelevant section of the Hempstead Code—§ 181-11 ("Removal of Snow, Ice and Obstructions")—to articulate the industry standard as to maintenance and repair of sidewalks. *Id.* at 3. Therefore, any conclusion Mr. Ubell draws as to the exact location and cause of Plaintiff's trip and fall is purely speculative.

There is no evidence Defendants had constructive notice of the alleged defect prior to the incident on August 15, 2008. Defendants inspected the premises, including the sidewalks, on a yearly basis. Aranow Decl., Ex. H (Dep. Tr. of Postmaster Jacqueline King, Aug. 11, 2011), Tr. 25:2–25. There was no issue raised as to the condition of the subject sidewalk until the date of the incident. *Id.* at 33:6–21; 76:7–15. The Postmaster assigned to the Post Office testified she did not observe any defects of the sidewalk on the day of the incident. *Id.* at 62:4–63:5. Plaintiff was familiar with the area around the Post Office and did not make any complaints concerning the alleged defect to the Post Office or to any other party prior to the August 15, 2008 incident. Defs.' 56.1, at ¶¶ 2–3.

Finally, even assuming Defendants owned the sidewalk and had constructive knowledge of the alleged defect, there is no evidence of a dangerous or defective condition on the sidewalk as a matter of law. "[T]here is no 'minimal dimension test' or *per se* rule that a defect must be of a certain minimum height or depth in order to be actionable." *Trincere v. Cnty. of Suffolk*, 90 N.Y.2d 976, 977, 688 N.E.2d 489 (1997). In determining whether an alleged defect is trivial as a matter of law, courts must consider all of the facts and circumstances presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury." *Id.* at 978 (internal citation and quotations omitted). However,

11

"[w]here the dangerous or defective condition alleged by a pedestrian is a height differential of approximately one inch (1"), New York courts, and courts applying New York law, generally grant summary judgment dismissing the case." *Natijehbashem*, 2011 WL 6225221, at *6 (internal citations omitted).

Plaintiff does not claim that any factor other than the purported height differential caused her to fall while she was walking on a dry, unobstructed, and uncrowded sidewalk during the morning hours. Plaintiff does not allege any other facts or circumstances that would support a finding of the alleged height differential as being a dangerous or defective condition. Even accepting the assertion of Plaintiffs that the height differential was approximately one-and-one-quarter inches, the Court finds Plaintiffs have not raised a material question of fact sufficient to defeat Defendants' motion for summary judgment. Plaintiffs have failed to demonstrate the alleged defect was nontrivial or constituted a trap or nuisance. *Vachon v. State of New York*, 286 A.D.2d 528, 529–530, 729 N.Y.S.2d 212 (3rd Dep't 2001) (height differential ranging from one to one and one-half inches between granite slabs not actionable); *Mascaro v. State of New York*, 46 A.D.2d 941, 941, 362 N.Y.S.2d 78 (3rd Dep't 1974) (two-inch differential, easily observable, was too trivial to be actionable), *affd. on other grounds* 38 N.Y.2d 870, 346 N.E.2d 543 (1976). Therefore, summary judgment dismissing the complaint in its entirety is warranted.

V. **Failure To Exhaust Administrative Remedies**

Defendants argue Mr. Christian's claims for deprivation of services, society, and consortium of his spouse should be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction. Plaintiffs filed an administrative claim on March 30, 2009. Beckman Decl., Ex. H (Administrative Claim Form, Mar. 30, 2009). The claim only refers to injuries sustained by Mrs. Christian. *Id.* Therefore, Defendants conclude Mr. Christian

failed to exhaust his administrative remedies pursuant to the FTCA. *See* 28 U.S.C. §§ 1346(b), 2671–2680. The Court agrees and determines Mr. Christian did not exhaust his derivative claim during the administrative process.

A plaintiff invoking federal subject matter jurisdiction pursuant to the FTCA must completely exhaust administrative remedies by filing a claim with the appropriate federal agency within two years after such claim accrues. 28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a). Therefore, an FTCA action "shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *McNeil v. United States,* 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). Where a plaintiff fails to present an administrative tort claim to the appropriate federal agency prior to filing a claim for damages under the FTCA in federal court, the district court lacks subject matter jurisdiction to entertain that claim, and the case must be dismissed. *Id.* at 113 (holding the FTCA exhaustion requirement is jurisdictional and the subsequent denial of an administrative claim cannot cure a prematurely filed action invoking the FTCA); *see also Megna ex rel. Megna v. Food & Drug Admin.*, 377 Fed. App'x. 113, 115 (2d Cir. 2010); *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir. 1983), *cert. denied,* 464 U.S. 864 (1983) (holding the exhaustion requirement "is jurisdictional and cannot be waived"); *Tomaino v. United States,* No. 09-CV-1578, 2010 WL 1005896, at *2 (E.D.N.Y. Mar. 16, 2010) (Amon, J.) (dismissing claim stemming from a motor vehicle accident for lack of subject matter jurisdiction where plaintiff failed to file an administrative tort claim in compliance with the FTCA prior to bringing the action).

Here, Plaintiff's husband failed to exhaust his administrative remedies prior to bringing this action. *See* Beckman Decl., Ex. H. The administrative claim did not provide notice of Mr. Christian's claim, nor did it describe any of his alleged injuries. *Id.* Plaintiffs allege Defendants "affirmatively waived its opportunity to such dismissal" by litigating the action and taking Mr. Christian's deposition. Pls.' Opp'n, at 34. Plaintiffs' argument is without merit. The case law makes clear administrative requirements cannot be waived. *Keene Corp.*, 700 F.2d at 841.

## VI. Conclusion

Defendants have made a *prima facie* showing of entitlement to judgment as a matter of law. Plaintiffs failed to raise a triable issue of fact. There is no evidence Defendants created the alleged defect, caused the condition because of some special use, or violated a statute or ordinance which imposes liability on the abutting entity for failure to repair. Accordingly, this Court GRANTS summary judgment in favor of Defendants and dismisses the complaint in its entirety with prejudice.

**SO ORDERED**

Dated: Brooklyn, New York
       May 9, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

14